| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION ONLY |
| EASTERN DISTRICT OF NEW YORK | |

----------------------------------------------------------------- X
                                                                                    :

GREGORY LEWIS,                       :

                                    :      MEMORANDUM
                    *Plaintiff*,     :      AND ORDER

      - against -              :

                                    :      09-CV-4940 (JG) (RLM)

SELECT PORTFOLIO SERVICING, LLC,  :
and JOHN DOE #1 THROUGH JOHN DOE #10,  :

                  *Defendants*.  :
----------------------------------------------------------------- X

A P P E A R A N C E S:

    GREGORY LEWIS
    746 Putnam Avenue
    Brooklyn, New York 11221
    *Plaintiff, Pro Se*

    LOCKE LORD BISSELL & LIDDELL LLP
    3 World Financial Center
    New York, New York 10281
    By:    R. James DeRose
    *Attorneys for the Defendant Select Portfolio Servicing, LLC*

JOHN GLEESON, United States District Judge:

        On November 5, 2009, Gregory Lewis filed this *pro se* action against Select Portfolio Servicing, LLC ("SPS") and ten unidentified individuals alleging the defendants participated in a mortgage fraud perpetrated against Lewis. On January 19, 2010, SPS filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Lewis opposed the motion in writing, and I heard oral argument on March 26, 2010. For the reasons set forth below, the defendant's motion is granted.

BACKGROUND

The following facts are drawn from Lewis's *pro se* complaint and documents attached to and incorporated by reference in that complaint, and are assumed to be true for the purposes of this motion.

In September 2006, Lewis obtained a mortgage loan in the amount of $636,000 for his home in Brooklyn. Thereafter, SPS, which services the mortgage, issued Lewis a mortgage statement noting the loan amount was $712,695.25. Lewis alleges that SPS is "not part owner of the note and mortgage" and, therefore, could not have legally increased the loan amount. He further alleges that SPS participated in a conspiracy to commit mortgage fraud against Lewis.

In July 2008, following Lewis's default on the mortgage and note, U.S. Bank National Association, acting as Trustee, on behalf of the Holders of the Adjustable Rate Mortgage Trust 2007-1, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2007-1, brought a foreclosure action against Lewis in the Supreme Court of New York State, Kings County. In his answer to the foreclosure complaint, Lewis alleges the mortgage at issue was predatory.

DISCUSSION

A.  *Motion to Dismiss -- Standard of Review*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the

complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam), and "draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

*Iqbal* offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 12(b)(6). Citing its earlier decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal,* 129 S. Ct. at 1949 (internal citations and quotation marks omitted).

Because Lewis is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," I must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge

and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

B.   *Lewis's Claims against SPS*

Lewis alleges that SPS: (1) participated in fraudulent activities, which resulted in a predatory mortgage being issued to Lewis; (2) participated in a conspiracy to commit fraud and misrepresentation by issuing a mortgage under false pretenses; and (3) fraudulently concealed from him the interest rate of the mortgage. All three causes of action are based in fraud. Under New York law, in order to bring a claim for fraudulent misrepresentation, a plaintiff must allege "a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 291 (2d Cir. 2006). A cause of action for fraudulent concealment is appropriate where there is a duty on the part of the defendant to disclose material information and it failed to do so. *Id.* at 291-92. The Federal Rules of Civil Procedure require that a party alleging fraud "must state with particularity the circumstances constituting fraud …. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Second Circuit has held that compliance with Rule 9(b) requires a plaintiff to: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner,* 459 F.3d at 290 (quoting *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir. 1993)).

Lewis has not alleged any fraudulent actions or statements by SPS during the mortgage transaction. Nor has he alleged any facts regarding his reliance on any such misrepresentations or actions. *See Lerner,* 459 F.3d at 292 (reliance a requirement for fraudulent

4

concealment). Accordingly, Lewis has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.[1]

CONCLUSION

Accordingly, the defendant's motion to dismiss is granted. Finally, there is no indication in the complaint of how SPS, the servicer of the mortgage, was involved in the original mortgage transaction, let alone in the alleged fraud. When pressed at oral argument, Lewis could not explain why he sued SPS. Thus, even taking a liberal reading of the complaint, I find no "indication that a valid claim might be stated" against SPS. *Cuoco,* 222 F.3d at 112. For that reason, leave to amend is denied. The Clerk of the Court is respectfully directed to close the case.

So Ordered.

John Gleeson, U.S.D.J.

Date: April 16, 2010
Brooklyn, New York

---

[1] SPS also moves to dismiss on the grounds that there is a prior action pending in the Supreme Court of New York, Kings County. SPS requests that I abstain from exercising jurisdiction over this case. Because I find that Lewis has failed to state a claim upon which relief can be granted, I do not reach the abstention issue.